UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEA PARTY PATRIOTS, INC.,<br>1025 Rose Creek Dr., Suite 620-322<br>Woodstock, GA 30189<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224,<br><br>and<br><br>DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>*Defendants*. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Tea Party Patriots, Inc., by and through undersigned counsel, hereby files this Complaint against the Internal Revenue Service ("the IRS") and the United States Department of the Treasury ("the Treasury") (collectively, "Defendants") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or "the FOIA"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court is vested with subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.* and award attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

1

2. This Court possesses personal jurisdiction over Defendants because they maintain their principal place of business in the District of Columbia. *See* D.C. Code § 13-422.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(A) & (B).

## PARTIES

4. Plaintiff is a not-for-profit grassroots citizens social welfare organization organized and validly existing under the laws of the State of Georgia, having its principal place of business at 1025 Rose Creek Dr., Suite 620-322, Woodstock, GA 30189.

5. Defendant, the IRS, is an "agency" of the United States Government under 5 U.S.C. § 552(f)(1) and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. The IRS has possession, custody, and control of records that are subject to this Complaint, but has improperly and illegally denied Plaintiff access to them.

6. Defendant, the Treasury, is an "agency" of the United States Government under 5 U.S.C. § 552(f)(1) and is headquartered at 1500 Pennsylvania Ave, N.W., Washington, D.C. 20220. The Treasury has possession, custody, and control of records that are subject to this Complaint, but has improperly and illegally denied Plaintiff access to them.

## STATEMENT OF FACTS

7. On November 29, 2013, the Treasury and the IRS issued IRS REG-134417-13 *Notice of Proposed Rulemaking: Guidance for Tax Exempt Social Welfare Organizations on Candidate-Related Political Activities,* Fed. Reg. 71,535 (proposed Nov. 29, 2013) ("the NPRM" and "Proposed Regulations").

2

8. The Proposed Regulations would impose significant burdens and restrictions on the First Amendment activities, speech, and associational rights of every social welfare organization in America, including Plaintiff.

9. The NPRM drew more than 150,000 public comments by the end of the public comment period on February 27, 2014, a number which the IRS Commissioner testified to Congress constituted a new record for public comments regarding proposed IRS regulations. *See* IRS Commissioner Koskinen Testimony to the House Oversight and Government Reform Committee on March 26, 2014.

10. The NPRM would further impose significant reporting and recordkeeping burdens on a substantial number of Section 501(c)(4) social welfare organizations if the NPRM is adopted as final regulations. *See* 78 F.R. 71535; Internal Revenue Service Bulletin 2013-52, December 23, 2013.

11. Neither the IRS nor the Treasury included in its regulatory rulemaking agendas any reference to changes in the regulations governing Section 501(c)(4) organizations prior to November 26, 2013, the same date the Proposed Regulations were signed and three days before the NPRM was published in the Federal Register.

12. According to a document made public by the Ways and Means Committee of the House of Representatives on February 4, 2014, high ranking individuals within the Treasury and the IRS began as early as June 2012 to develop new regulations "off plan" and in secret. A true and correct copy of that document, which is an e-mail from Treasury Official Ruth Madrigal to IRS Head of Exempt Organizations, Lois Lerner, is attached hereto as **EXHIBIT A**.

4842-9229-8518.2

13. Upon information and belief, the above-mentioned e-mail from Ruth Madrigal to Lois Lerner is but one of many documents that exist, and should be turned over to Plaintiff, regarding the origins and development of the Proposed Regulations.

14. The official federal government website where all proposed federal regulations are posted includes a tab for "Related Documents." For this NPRM, the IRS and the Treasury posted no related documents and advised the public that there were "None."

15. The public is entitled to have access to the documents, information and background materials regarding the origins, development and publication of the Proposed Regulations.

16. Congress enacted the FOIA, which mandates disclosure of records held by federal government agencies, to promote transparency across the government. The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.

17. On December 10, 2013, counsel for Plaintiff, Ms. Cleta Mitchell ("Plaintiff's Attorney"), sent a FOIA request to the IRS ("Plaintiff's IRS FOIA Request")—a true and correct copy of which is attached as **EXHIBIT B**—seeking copies of the following documents:

> 1. All records related to IRS News Release 2013-92, Nov. 26, 2013 and Notice of Proposed Rulemaking, Reg-134417-13 ("Guidance for Tax-Exempt Social Welfare Organizations on Candidate-Related Political Activities") 78 Fed. Reg. 71535-71542 (Nov. 29, 2013) (collectively, the "Guidance"), including but not limited to the following:
>
>> a. Correspondence to / from any agent, employee, or representative of the IRS with any outside federal or state agency, educational or policy organization, any other organization, private entity or individual related to the Guidance (including, but not limited to the White House, Executive Office of the President, White House Counsel's office, Federal Elections Commission, other federal agencies, state agencies, Congressional Committees, and Members of Congress).

      b. Internal IRS documents, memorandums, and communications between or among any agent, employee, representative of the IRS including, but not limited to, Danny Werfel, William Wilkins, and Amy F. Giuliano related to the Guidance.

    2. All records, communications, directives, minutes or reports of staff/task force meetings, drafts, internal commentary, proposals, memoranda relating to political activities of social welfare organizations and the topics contained in the Guidance from January 1, 2008 to present.

    3. All records related to consideration and standards for processing tax-exempt status of organizations classified, denoted, or otherwise set apart by the IRS as "potential political cases" as described in the May 14, 2013 Treasury Inspector General for Tax Administration Report, "Inappropriate Criteria Were Used to Identify Tax-Exempt Applications for Review" (Reference Number 2013-10-053) (the "Report") that were used, or in any way relied upon, for the development of the Guidance. See attached for page 5 of the Report.

18. Also on December 10, 2013, Plaintiff's Attorney sent a FOIA Request to the Treasury ("Plaintiff's Treasury FOIA Request")—a true and correct copy of which is attached as **EXHIBIT C**—requesting copies of all the Treasury's records related to the following topics:

    1. IRS News Release 2013-92, Nov. 26, 2013 and Notice of Proposed Rulemaking, Reg. 134417-13 ("Guidance for Tax-Exempt Social Welfare Organizations on Candidate-Related Political Activities") 78 Fed. Reg. 71535-71542 (Nov. 29, 2013) (collectively, the "Guidance") and all records, communications, directives, minutes or reports of staff/task force meetings, drafts, internal commentary, proposals, memoranda relating thereto.

    2. Political activities of social welfare organizations or business leagues, any topics contained in the Guidance, any definition containing any aspect of "political" or "lobbying" for any purpose from January 1, 2008 to present and all records, communications, directives, minutes or reports of staff/task force meetings, drafts, internal commentary, proposals, memoranda relating thereto.

    3. The Treasury Inspector General for Tax Administration Report, "Inappropriate Criteria Were Used to Identify Tax-Exempt Applications for Review" (Reference Number 2013-10-053) (issued May 14, 2013) (the "Report") and all records, communications, directives, minutes or reports of staff/task force meetings, drafts, internal commentary, proposals, memoranda relating thereto, including but not limited to the use and reliance on the criteria in the Report for purposes of the development of the Guidance.

This request includes (but is not limited to) the following:

a. Correspondence to / from any agent, employee, or representative of the Department with any outside federal or state agency, educational or policy organization, any other organization, private entity or individual related to the Guidance (including, but not limited to the White House, Executive Office of the President, White House Counsel's office, Federal Elections Commission, other federal agencies, state agencies, Congressional Committees, and Members of Congress).

b. Internal Department documents, memorandums, and communications between or among any agent, employee, representative of the Department.

c. All records, communications, directives, minutes or reports of staff/task force meetings, drafts, internal commentary, proposals, memoranda, of the following individuals and groups of individuals: Treasury Secretary Jack Lew, Treasury Assistant Secretary for Tax Policy Mark J. Mazur; employees, contractors and representatives of any of the Treasury Offices, including but not limited to the General Counsel's Office and the Secretary's executive office.

d. All records and communications of Acting Commissioner of the Internal Revenue Service Danny Werfel, William Wilkins, and Amy F. Giuliano any employee, contractor or representative of the Internal Revenue Service with any employees, contractors and representatives of any of the Treasury Offices.

19. On or about December 20, 2013, the Treasury sent Plaintiff's Attorney a letter—a true and correct copy of which is attached as **EXHIBIT D**—confirming the Treasury's receipt of Plaintiff's Treasury FOIA request. The letter further stated:

> We have initiated a search for records that would be responsive to your request. We will make every effort to provide you with a timely response; however, please be advised that unusual circumstances exist regarding a search and review of the information requested due to consultation required between two or more program offices and the timeframe of the requested records. This will require an additional processing extension of ten (10) days.

That is the last communication received by Plaintiff from the Treasury concerning Plaintiff's Treasury FOIA Request. The Treasury's deadline for producing documents responsive to Plaintiff's Treasury FOIA Request, even including the 10-day extension referenced in the letter, has long since passed. Nevertheless, the Treasury has not produced any documents responsive to

Plaintiff's Treasury FOIA Request, and has not specified any reason for withholding such documents.

20. On or about January 6, 2014, Ms. Denise Higley, a Tax Law Specialist at the IRS, sent Plaintiff's Attorney a letter—a true and correct copy of which is attached as **EXHIBIT E**—concerning Plaintiff's IRS FOIA request. The letter began by indicating that the IRS would be unable to respond by January 13, 2014, the 20 business-day-deadline provided by FOIA. As a consequence, the letter indicated that the IRS would apply a 10-day statutory extension to that deadline as follows:

> I am unable to send the information you requested by January 13, 2014, which is the 20 business-day period allowed by law. I apologize for any inconvenience this delay may cause.
>
> **STATUTORY EXTENSION OF TIME FOR RESPONSE**
>
> The FOIA allows an additional ten-day statutory extension in certain circumstances. To complete your request I need additional time to search for, collect, and review responsive records from other locations. We have extended the statutory response date to January 28, 2014, after which you can file suit. An administrative appeal is limited to a denial of records, so it does not apply in this situation.

Although the IRS applied a 10-day statutory extension, in the same letter it nevertheless indicated that it "will still be unable to locate and consider release of the requested records by January 28, 2014." Thus, the IRS simultaneously requested an additional extension of the response date to April 7, 2014, as follows:

> **REQUEST FOR ADDITIONAL EXTENSION OF TIME**
>
> Unfortunately, we will still be unable to locate and consider release of the requested records by January 28, 2014. We have extended the response date to April 7, 2014 when we believe we can provide a final response.
> . . . .
>
> You may file suit if you do not agree to an extension beyond the statutory period. Your suit may be filed in the U.S. District Court:

- Where you reside or have your principal place of business
- Where the records are located, or
- In the District of Columbia

You may file suit after January 28, 2014.

Plaintiff did not agree to the IRS's request for an extension of the deadline to April 7, 2014.

21.    On or about January 6, 2014, Ms. Denise Higley called counsel for Plaintiff's Attorney to ask for clarification concerning item two of Plaintiff's IRS FOIA request. Later that same day, Ms. Higley sent Plaintiff's Attorney an e-mail—a true and correct copy of which is attached as **EXHIBIT F**—confirming the earlier telephone conversation, and indicating that "a search will be conducted to provide any and all records our agency has that relates to the creation of both the IRS News Release 2013-92 and also the Notice of Proposed Rule Making Reg-134417-13." Plaintiff's Attorney responded shortly thereafter stating "to be clear, we want the records/documents related to any formal/informal task force(s), staff groups that were established or formed any time since Jan 1, 2008 whose deliberations and discussions form any part of the basis of the proposed rules / NPRM to which we refer to as the 'Guidance'." *See* **EXHIBIT F**.

22.    On or about January 6, 2014, Plaintiff's Attorney sent the Treasury a letter—a true and correct copy of which is attached as **EXHIBIT G**—confirming receipt of its December 20, 2013, letter. Plaintiff's Attorney stated:

> Please commence production of responsive documents and records as soon as possible, even if your search is incomplete. I expect that production can begin before the required response date of January 9[th] (20 business days after the request is received). If production is not completed by that date, I ask that you advise us as to the status of the search at that time and continue to produce responsive documents and records by the required date under an extension (10 business days after the original deadline (January 24[th])).

The Treasury never responded to this letter and, as indicated above, has yet to produce a single document responsive to Plaintiff's Treasury FOIA Request.

8

23. On or about February 4, 2014, Plaintiff's Attorney sent the IRS and the Treasury a letter—a true and correct copy of which is attached hereto as **EXHIBIT H**—requesting an extension of the February 27, 2014, "deadline for filing public comments regarding the IRS Notice of Proposed Rulemaking for Section 501(c)(4) organizations ('the NPRM') until a date *after* [Defendants] have complied with the Freedom of Information Act requests" submitted on behalf of Plaintiff." The letter noted that the NPRM "provided *zero* documents at the public website where such background documents related to rulemaking are normally posted." Thus, Plaintiff's Attorney requested that the "deadline for public comments regarding the NPRM be extended until at least thirty (30) days after Treasury and the IRS make public all documents and materials related to the NPRM, in order that the public can be informed as to the meaning, development and origins of the proposed regulations." Neither the IRS nor the Treasury responded to Plaintiff's request for an extension of the deadline for filing public comments.

24. On or about April 2, 2014, Ms. Higley from the IRS sent Plaintiff's Attorney a letter—a true and correct copy of which is attached hereto as **EXHIBIT I**— stating "[o]n January 28, 2014, I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain and review documents responsive to your request. I will contact you by July 2, 2014, if I am still unable to complete your request." Plaintiff did not agree to the IRS's request for an extension of time.

25. On or about April 8, 2014, Plaintiff's Attorney called Ms. Higley at the IRS to discuss the IRS's April 2, 2014, letter, which was received via electronic mail on April 8, 2014.

26. On or about April 14, 2014, Plaintiff's Attorney sent a letter to Ms. Higley at the IRS—a true and correct copy of which is attached hereto as **EXHIBIT J**— to memorialize the telephone conversation and other communications between Plaintiff's Attorney and Ms. Higley.

As is reflected in that letter, Ms. Higley has confirmed via the April 8, 2014 telephone conversation with Plaintiff's Attorney that documents responsive to Plaintiff's IRS FOIA Request have still not been collected and that Ms. Higley has received <u>no</u> response concerning Plaintiff's IRS FOIA Request from the other offices within the IRS.

27.   No further communications whatsoever have been received by Plaintiff's Attorney from Treasury since the initial letter on December 20, 2013 and no documents responsive to Plaintiff's FOIA Request have been received from Treasury.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

28.   Plaintiff realleges paragraphs 1-27 as if fully stated herein.

29.   Subject to exceptions not applicable here, 5 U.S.C. § 552(a)(3)(A) dictates that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

30.   Plaintiff's Treasury FOIA Request and Plaintiff's IRS FOIA Request (collectively, "Plaintiff's FOIA Requests") (1) reasonably described the records to which Plaintiff seeks access and (2) were made in accordance with all applicable rules.

31.   Defendants have failed to produce the documents responsive to Plaintiff's FOIA Requests within the applicable statutory deadlines imposed by the FOIA and any applicable extensions.

32.   Neither Defendant has claimed the applicability of any exemption set forth in 5 U.S.C. § 552(b) & (c), and none applies.

33. There is no valid legal basis under the FOIA to justify Defendants' withholding of the records responsive to Plaintiff's FOIA Requests.

34. For these reasons, Defendants are improperly and unlawfully withholding records responsive to Plaintiff's FOIA Requests.

35. Plaintiff has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

36. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

37. "On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withhold agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(viii)(B).

38. "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed . . . . [A] complainant has substantially prevailed if the complainant has obtained relief through either— (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntarily unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(viii)(E)(i) & (ii).

39. There is, respectfully, no basis for this Court merely to retain jurisdiction and allow the government additional time to complete its review of the records, since Defendants cannot show that "exceptional circumstances" exist <u>and</u> that they have been "exercising due diligence in responding to" Plaintiff's FOIA Requests. *See* 5 U.S.C. § 552 (a)(6)(C)(i). Specifically, Ms. Higley from the IRS has confirmed that (1) documents responsive to Plaintiff's

11
4842-9229-8518.2

IRS FOIA Request have not even been collected and (2) she has received no response from the other offices within the IRS concerning Plaintiff's IRS FOIA Request. Additionally, Plaintiff has received no communication from the Treasury since receiving its December 20, 2013, letter requesting a 10-day extension.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Requests; (2) order Defendants immediately to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Requests; (3) order Defendants to produce, by a date certain, any and all records responsive to Plaintiff's FOIA Requests and, if Defendants claim an exemption to such production, a *Vaughn* index of any responsive records withheld under claim of exemption; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and (5) grant Plaintiff such other relief as the Court deems proper.

Dated: April 15, 2014

Respectfully submitted,

Tea Party Patriots, Inc.

/s/ *Cleta Mitchell*
FOLEY & LARDNER LLP
Cleta Mitchell (D.C. Bar No. 433386)
William Davis (D.C. Bar No. 280057)
Mathew D. Gutierrez (Fla. Bar. No. 94014)*
Washington Harbour
3000 K Street, N.W., Sixth Floor
Washington, D.C. 20007-5109
202.672.5300 (telephone)
202.672.5399 (fax)
2 S. Biscayne Blvd., Suite 1900
Miami, FL 33131
305-482-8400
305-482-8600 (fax)

*Counsel for Plaintiff*

**Pro Hac Vice Motion and D.C. Bar Application pending*